IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| THOMAS ORVILLE EICKHOFF, | ) |
| PEGGY LOU EICKHOFF, | ) Chapter 7 |
| | ) |
| Debtors | ) |
| | ) No. 11-00812 |
| | ) |

### ORDER RE: MOTION TO REAFFIRM DEBT

This matter came before the Court in a telephonic hearing on August 22, 2011.  Attorney Christine B. Skilton appeared for Debtors Peggy and Thomas Eickhoff.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### FINDINGS OF FACT

Debtors filed a Chapter 7 petition on April 4, 2011 and received a discharge on July 27, 2011.  On July 29, 2011 Debtors and CitiMortgage, Inc. filed a Reaffirmation Agreement stemming from a $16,703.23 prepetition debt.  Debtors signed the Reaffirmation Agreement 30 days before discharge and sent it to CitiMortgage to sign and file.  CitiMortgage did not complete the form and file it until two days after discharge.

### CONCLUSIONS OF LAW

A reaffirmation agreement on a dischargeable debt is enforceable only if "such agreement was made **before** the granting of the discharge under section

727." 11 U.S.C. § 524(c)(1) (emphasis added).  After discharge, the deadline for a reaffirmation agreement has passed, and a bankruptcy court lacks jurisdiction to approve a reaffirmation agreement made later.  In re Primmer, No. L90–00325, slip op. at 3 (Bankr. N.D. Iowa Nov. 2, 1994) (holding reaffirmation agreement made after entry of discharge cannot subsequently be approved; denying request to reopen case).  "There is no bankruptcy code provision allowing debtors to set aside the discharge, or allowing the discharge to be set aside to reaffirm a debt."  In re Nichols, No. 10-01323, 2010 WL 4922538 at *2 (Bankr. N.D. Iowa Nov. 29, 2010).

Debtors argue that this case is distinguishable from other cases holding post-petition reaffirmation agreements are unenforceable.  Debtors claim that in Nichols, both parties signed the agreement after discharge.  Here, however, Debtors signed the agreement prior to discharge, and Creditor signed after discharge.  The Court does not believe this fact meaningfully distinguishes the two cases.

An "agreement" is "[a] mutual understanding between two or more persons about their relative rights and duties regarding past or future performances; a manifestation of assent by two or more persons."  Black's Law Dictionary 15(c) (9th ed. 2009).  This Court agrees with others who hold that there is no agreement until all parties sign the requisite forms.  See In re Marriage of Eubank, 725

N.W.2d 659 at *4 (Iowa Ct.App. 2006) ("Keith never signed the proposed agreement … the district court erred in determining a binding settlement agreement had been reached by the parties"); In re Grisham, 436 B.R. 896, 900 (Bankr. N.D. Texas 2010) (holding agreement made at time of last signature); In re Golladay, 391 B.R. 417, 424 (Bankr. C.D. Ill. 2008) ("[u]nder circumstances in which an agreement cannot—for whatever reason—be made in a timely matter, the debtor may seek a deferral of the entry of discharge order pursuant to Rule 4004(c)(2)").

The Court notes that "[a] debtor may freely choose to pay the unsecured debt but does not need to waive the benefit of the discharge to do so." In re Nouchanthavong, 09-02181, 2009 WL 4059051 at *1 (Bankr. N.D. Iowa Nov. 13, 2009) (citing In re Ezell, 269 B.R. 768, 769 (Bankr. S.D. Ohio 2001)). "Nothing contained in [524(c) or (d)] prevents a debtor from voluntarily repaying any debt," 11 U.S.C. 524(f).  This Court in Nouchanthavong wrote:

> In In re Berkich, 7 B.R. 483, 484 (Bankr. E.D. Pa. 1980), for example, the debtors wished to reaffirm a debt where the mother of one of the debtors guaranteed payment on the note and they did not want the creditor to move against the guarantor. The court refused to approve reaffirmation of the debt, noting that the debtors could forestall the creditor's action against the guarantor or her property by continuing to make payments as volunteers.

Nounchanthavong, 2009 WL 4059051 at *2.

Debtors filed the reaffirmation agreement after receiving a discharge.  Thus, under 11 U.S.C. § 524(c)(1), the reaffirmation agreement is unenforceable under the applicable law.

**WHEREFORE**, Motion for Reaffirmation of Debt is DENIED.

Dated and Entered: November 7, 2011

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE